## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TURNER INDUSTRIES GROUP, LLC,** | **CIVIL ACTION** |
|    **Plaintiff** | |
| | |
| **VERSUS** | **No. 14-1031** |
| | |
| **RAIN CII CARBON LLC,** | **SECTION "E"** |
|    **Defendant** | |

## ORDER AND REASONS

Before the Court is a Motion for Temporary Restraining Order and Preliminary and Permanent Injunctive Relief filed by plaintiff, Turner Industries Group, LLC ("Turner") against defendant Rain CII Carbon LLC ("Rain") and the state court proceedings in Case No. 2014-4297.[1] Rain opposes Turner's motion.[2] For the reasons that follow, Turner's Motion for Temporary Restraining Order and Preliminary and Permanent Injunctive Relief is **DENIED.**

## BACKGROUND

This suit originates from Rain's alleged failure to pay Turner for labor, services, and materials in connection with a construction project in Lake Charles, Louisiana.[3] Pursuant to an arbitration agreement contained in purchase orders issued by Rain to Turner, Turner filed a Demand for Arbitration against Rain on February 7, 2013 (the "Arbitration Proceeding").[4] Rain thereafter filed a lawsuit against Turner in the State Court of Louisiana,

---

[1]R. Doc. 2.

[2]R. Doc. 8.

[3]R. Doc. 1, p. 5.

[4]R. Doc. 2-4, p. 3. Turner's Demand for Arbitration. (AAA Case No. 65-158-Y-26-13)

14th Judicial District, Parish of Calcasieu (the "Calcasieu Parish Action").[5] On July 18, 2013, Judge Robert L. Wyatt granted Turner's motion to compel arbitration and stay the Calcasieu Parish Action based upon the parties' arbitration agreement.[6]

In the Arbitration Proceeding, Rain filed motions to continue the final arbitration hearing scheduled for June 23, 2014.[7] The three-member arbitration panel (the "Panel") denied all of Rain's requests for a continuance.[8] Rain also moved the American Arbitration Association ("AAA") to disqualify the Panel, arguing the Panel was biased for not granting Rain's motions for continuance.[9] The AAA denied Rain's request.[10]

On April 30, 2014, Rain filed suit in Civil District Court of Orleans Parish, State of Louisiana ("CDC Action"), seeking a temporary restraining order ("TRO") and preliminary and permanent injunction against Turner and the AAA.[11] The arbitration agreement stipulated the locale for arbitration of the dispute as New Orleans, Louisiana.[12] Rain asked the court to have AAA disqualify the Panel and to enjoin the Panel from proceeding with the

---

[5]R. Doc. 1, p. 5.

[6]R. Doc. 1, p. 6.  Rain applied for supervisory writs with the Louisiana Court of Appeal for the Third Circuit as well as the Louisiana Supreme Court seeking review of Judge Wyatt's order compelling arbitration. All of Rain's applications were denied except for one, which is still pending. *See* R. Doc. 2-7, pp. 2-3.

[7]R. Doc. 2-8, 2-9, 2-10, 2-11, 2-11.

[8]*Id.*

[9]R. Doc. 2, p. 5.

[10]*Id.* The AAA also denied Rain's motion to disqualify one of the arbitrators based on his disclosure that one of Turner's expert witnesses had testified in an unrelated arbitration hearing before the arbitrator five years earlier.

[11]R. Doc. 8-3.

[12]R. Doc. 2-3, p. 5.

arbitration between Turner and Rain.[13] The judge in the CDC Action granted Rain's ex parte request for a TRO and enjoined the AAA from continuing arbitration for ten days.[14] The judge scheduled a hearing on Rain's request for preliminary injunctive relief for Thursday, May 8, 2014.[15]

On May 6, 2014, Turner filed a complaint in this Court, seeking a TRO and preliminary and permanent injunction to stay the CDC Action and compel arbitration.[16] Turner thereafter filed a motion seeking the same relief.[17] The Court held a status conference with counsel for all parties on May 6, 2014. Rain filed its opposition on May 7, 2014.[18]

## ANALYSIS

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The exceptions are to be interpreted narrowly and are "not to be enlarged by loose statutory construction." *Chick Kam Choo v. Exxon Corp.*, 486 140, 146 (1988)(citations omitted). Further, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the

---

[13]R. Doc. 8-1. Rain argues the Panel was biased, and the Panel's denials of Rain's requests for continuance of the final hearing date were arbitrary and violated its due process rights.

[14]R. Doc. 8-8.

[15]*Id.*

[16]R. Doc. 1.

[17]R. Doc. 2.

[18]R. Doc. 8.

state courts to proceed in an orderly fashion to finally determine the controversy." *Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 824 (7th Cir. 2002).

The Anti-Injunction Act prohibits this Court from enjoining the state court as requested unless an exception applies. Turner has not demonstrated any of the exceptions is applicable in this case at this time. Instead, Turner argues the relief Rain seeks in the CDC Action is improper because of the congressional policy disfavoring court interference in the arbitration process prior to the issuance of an arbitral award. *See, e.g. Gulf Guaranty Life Ins. Co. v. Connecticut General Life Ins. Co.*, 304 F.3d 476, 489-90 (5th Cir. 2002). Turner asserts Rain interfered with the Arbitration Proceeding by undermining the order granting a stay and directing arbitration previously issued in the Calcasieu Parish Action.

Under the Federal Arbitration Act ("FAA"), jurisdiction by courts to intervene into the arbitral process prior to the issuance of an award is very limited. *Gulf Guar. Life Ins.*, 304 F.3d at 486. The FAA does not authorize a court to remove an arbitrator from service prior to an award, even where arbitrator bias is at issue. *Id.* at 490. The FAA provides concurrent jurisdiction to state courts to enforce arbitration agreements, with a federal forum available only when diversity or federal question jurisdiction is otherwise established. *See* 9 U.S.C. § 4. But state courts are obliged to apply provisions of the FAA, including the obligation to grant stays of litigation under § 3 of the FAA. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 (1983).[19]

---

[19] 9 U.S.C. § 3 provides: "If any suit or proceeding be brought in any court of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." Courts may only intervene in arbitral process in limited circumstances. *Gulf Guar. Life Ins.*, 304 F.3d at 488. "[C]hallenges to the procedural aspects of arbitration are for the arbitrator to decide, while challenges to the substantive arbitrability of

In this case, the state court and the federal court have concurrent jurisdiction and both have the obligation to apply the FAA, the parties' valid arbitration agreement, and to give effect to the order issued in the Calcasieu Parish Action. If the state court refuses to stay litigation despite the existence of a valid order to arbitrate, a federal court may be entitled to enjoin the state court through the "in aid of its jurisdiction" exception to the Anti-Injunction Act. *Zurich*, 326 F.3d at 827 (The "in aid of its jurisdiction" exception allows federal injunctive relief that "may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs.*, 398 U.S. 281, 296 (1970)). Thus far, Turner has not shown sufficient evidence the state court was "indifferent to or hostile" to its rights under the FAA in the CDC Action and the Court will not assume that the state court will do so. *Zurich*, 326 F.3d at 827. The state court in the CDC Action has granted a TRO but has not yet granted a preliminary injunction or permanent injunction, although one has been requested. If the judge in the CDC Action does enjoin the arbitration from going forward, the Court may upon request revisit the question of whether the "in the aid of its jurisdiction" exception applies in light of the strong federal policy favoring arbitration and the very limited right of courts to interfere with arbitration prior to an arbitral award.

Separate and apart from the prohibition in the Anti-Injunction Act against a federal court enjoining a state court, the Court notes Turner also has not met the requirements for

---

disputes are for the courts to decide." *Id*. at 487. Thus, courts will only intervene in the arbitral process when "a challenge goes to the making of the agreement or suggests that the agreement is void or warrants rescission." *Id*. at 487-88. In the Calcasieu Parish Action, a state court of competent jurisdiction has already ordered arbitration and stayed all litigation. It appears that disputes between the parties as to whether there is an agreement to arbitrate have been resolved.

a TRO against Rain. A plaintiff seeking a TRO must make a clear showing that the case satisfies the following four criteria: (1) a substantial likelihood exists that plaintiff will succeed on the merits of the claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997).[20] The Fifth Circuit has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. *See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). Turner has not carried its burden of persuasion demonstrating its entitlement to a temporary restraining order at this time.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Turner's Motion for Temporary Restraining Order be and hereby is **DENIED**.[21]

**New Orleans, Louisiana, this 8th day of May, 2014.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20]A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief, and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction." *Lee v. Verizon Commc'ns, Inc.*, 2012 6089041, at *1 (N.D. Tex. Dec. 7, 2012).

[21]This Court is not abstaining for exercising its jurisdiction in this case. A federal court has the obligation to exercise jurisdiction where it exists. *McClellan v. Carland*, 217 U.S. 268, 282 (1910). A federal court may employ the Abstention Doctrine to decline to exercise jurisdiction, but the pendency of a state court action is no bar to proceedings concerning the same matter in federal court having jurisdiction. *Id.* "In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of a the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818-19 (1976). Applying those factors to this case, the Court finds abstention is not appropriate.